UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EFREM CLEANING SYSTEM, )<br>      Plaintiff, )<br>)<br>-v- )<br>)<br>THE JANITORIAL AGENCY, )<br>      Defendant. )<br>_____) | No. 1:13-cv-371<br><br>HONORABLE PAUL L. MALONEY |

## **ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION**

Efrem Woldesllassie filed this action on behalf of Efrem Cleaning System ("Plaintiff") on April 4, 2013.[1] The short, three-page complaint alleges what the Court interprets to be a breach of contract claim. Plaintiff alleges it paid The Janitorial Agency ("Defendant") $10,000 in exchange for leads on contracts to clean buildings. Plaintiff further alleges that it agreed to make installment payments to Defendant based on future contracts to clean buildings. Plaintiff asserts that Defendant guaranteed a certain amount of income. Plaintiff claims Defendant then withdrew an additional $3,500 from Woldesllassie's account before it had provided any leads on contracts. Plaintiff asserts Defendant has refused to provide any leads until Plaintiff pays the rest of the installment money. Plaintiff contends Defendant has not found it any contracts to clean buildings and has further refused to refund any money. Plaintiff requests the Court order Defendant to refund the $13,500, among other things.

---

[1] Woldesllassie does not claim to be an attorney. Were this suit to proceed, Plaintiff must be represented by an attorney. "The rule of this circuit is that a corporation cannot appear in federal court except through an attorney." *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) (citing *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) and *U.S. v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969)); *see Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for a better part of two centuries, for example, that a corporation may appear in federal courts only through licensed counsel." (citations omitted)).

A court must dismiss any lawsuit if it determines that it lacks subject-matter jurisdiction over the action. Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction may be questioned at any time, even *sua sponte*. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978). The complaint suggests that Plaintiff is some sort of business entity located in Minnesota.[2] The complaint alleges Defendant is a business located in Lansing, Michigan. Plaintiff requests only $13,500 in damages. The diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1), includes an amount-in-controversy requirement such that the prayer for relief must exceed $75,000. Instead of the diversity statute, Plaintiff asserts that jurisdiction is proper under 28 U.S.C. § 1331, the statute authorizing jurisdiction in federal court over civil actions arising under the Constitution, laws, or treaties of the United States.

As written, the compliant does not allege a basis for federal question subject-matter jurisdiction. Woldesllassie is an African-American of Eritrean origin. Woldesllassie, however, is not the plaintiff in this lawsuit, Efrem Cleaning System is the plaintiff. Generally, corporations have no racial identity and cannot be the direct target of racial discrimination. *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977) (dicta). The Supreme Court acknowledged that the Courts of Appeals have concluded that corporations, in certain circumstances, may have standing to raise claims under 42 U.S.C. § 1981. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 473 n.1 (2006). Plaintiff does not allege, however, that Woldesllassie's race or national origin drove the decision for Defendant to interfere with the contract. *See Williams v. Richland Cnty. Children Servs.*, 489 F. App'x 848, 851 (6th Cir. 2012). Therefore, the complaint does not allege a race or national origin claim cognizable under federal law.

---

[2]This information is provided not in the allegations of the complaint, but below the signature line on the last page.

For these reasons, the complaint is **DISMISSED** for lack of subject-matter jurisdiction. **IT IS SO ORDERED.**


Date: April 9, 2013                                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge